WILLIAM PENNINGTON, trustee,

*v.*

MIRIAM MENDES et al.

WILLIAM PENNINGTON, trustee,

*v.*

JAMES MARSH.

WILLIAM PENNINGTON, trustee,

*v.*

THE PASSAIC LAND IMPROVEMENT AND BUILDING COMPANY.

1. A bill to foreclose a mortgage on land stated that the city in which the land was, claimed a lien upon the premises, or some part thereof, for municipal taxes laid after the giving of the mortgage, and the bill denied that the lien was prior to that of the mortgage, but did not draw into question the fact that the taxes were assessed.—*Held*, that the city need not prove the assessment. *Held, also,* that the fact that other land than that covered by the mortgage was included in the assessment did not invalidate it, because under the statute the taxes may be apportioned, and this court may apportion them.

2. An assessment of taxes under the charter of Paterson is not invalidated by an error in the name of the owner of the land assessed.

Pennington v. Mendes.

Bill to foreclose. On final hearing; the first two cases on pleadings, and the last on pleadings and proofs.

*Mr. A. B. Woodruff,* for complainant.

*Mr. J. W. Griggs,* for the city of Paterson.

THE CHANCELLOR.

The principal question presented for decision is whether the lien of the taxes which were assessed upon the mortgaged premises (land in Paterson) after the giving and recording of the mortgage, is paramount to that of the mortgage. The complainant's counsel insists that it is not. He also insists that the city has no claim for taxes in the first two of the above-mentioned cases—the Mendes and Marsh suits—because there is no proof in those cases of the assessing or levying of any taxes. He also urges that the city's claim to a paramount lien cannot be allowed in the other case, because the assessments of taxes proved therein are invalid for two reasons: First, because they were made against the Passaic Land Company instead of the Passaic Land Improvement and Building Company; and, second, because those which were made after 1875 included land which, in that year, was released by the complainant from the operation of the mortgage.

I must regard it as settled law, notwithstanding the earnest arguments of the complainant's counsel, based on what he insists are valid constitutional objections, that under the charter of the city of Paterson taxes levied subsequently to the making and recording of a mortgage on the land assessed, are a lien prior to the mortgage. It was so held in the court of last resort in *City of Paterson* v. *O'Neill, 5 Stew. Eq. 386.* There the question was between the lien of a mortgage made and recorded before 1876 and that of the taxes for 1876, 1877 and 1878. While in this court it was held that the former was paramount, in the court of errors and appeals it was distinctly adjudged that the charter disclosed an intention on the part of the legislature to postpone the lien of the mortgage to that of taxes subsequently imposed.

22

That decision, of course, controls these cases on the point. It was an adjudication upon the very question now presented, and the taxes in that case were levied as they were in this, after the amendments to the constitution of this state were made.

In the Mendes and Marsh cases there appears to be no proof of any assessment of taxes, but the bill of complaint in each case states that the city claims to have some lien on the mortgaged premises, or some part thereof, for taxes levied thereon, but the complainant charges that all of those taxes were levied after the execution and delivery of his mortgage, and are subsequent in lien thereto. The answer of the city, in each case, states that the taxes were assessed against the mortgaged premises by the legally constituted authorities of the city for the years 1875, 1876, 1877, 1878, 1879, 1880 and 1881, and are due and in arrear; that they were assessed under the provisions of the chacter, except so far as modified by the amendments to the constitution of the state in relation to the assessment of taxes, and in those respects in accordance with the general laws of the state regulating the assessment of taxes; and it states the amount of each assessment, the rate of interest which it bears, and the time from which the interest is to be calculated; and it claims that the taxes are liens paramount to the complainant's mortgage.

The complainant filed a replication to each of those answers. He proved his bond and mortgage in each case and rested. The city offered no evidence. The counsel of the city insists (and I think with good reason) that the admission of the assessment of the taxes made in the bills rendered it unnecessary for the city to produce any proofs. The bills deny the priority of the lien of the taxes, but do not draw into question the fact that the taxes were assessed. They charge that the taxes were all assessed after the execution and delivery of the mortgages, and are subsequent in lien thereto. What the amount of the taxes is will be an appropriate subject for proofs after the question of priority (the only one raised by the bills) shall have been established. In the suit against the company, the certificates of sale of the property to the city for non-payment of taxes for several years (1873 to 1878 both inclusive) were offered in evidence. It appears thereby

that the assessment for each of those years, except 1876, was made to "Passaic Land Co.," and for that year it was to some individual. It is quite enough on this head to say that the charter (*P. L. of 1871 p. 829 § 44*) provides that notwithstanding any error or omission in naming the true owner or owners of any real property in the city in assessing taxes, or in charging other assessments thereon, such assessments shall be [as] valid and effectual in law against such real property as if no error or omission had occurred. The next section provides that assessments of taxes on real estate shall be and remain a lien on the property. The assessments, therefore, are not invalidated by error in designating the true owner of the property.

It is argued that because in the assessments up to that of 1877, other land besides that covered by the mortgage is included, and the city does not show what part of the tax was levied on the part of the property subject to the mortgage, this court should disregard its claim altogether for taxes up to that year. But this is no objection to the validity of those assessments. An assessment of taxes upon land is not invalidated as against a mortgage upon the property by the mere fact that it covers more land than the mortgaged premises. The taxes may be apportioned under the provisions of the act to authorize the apportionment of taxes, assessments and water rents (*P. L. of 1876 p. 291*), and this court may do it. There should be a decree establishing the priority of the lien of the taxes, when duly apportioned, over that of the mortgage. The right of the complainant to redeem is admitted by the city.